**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| JOSEPH PATTERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 15-1345-JAR |
| | ) |
| CAROLYN W. COLVIN, | ) |
| ACTING COMMISSIONER OF | ) |
| SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court for review of the final decision of Defendant Commissioner of Social Security denying Plaintiff Joseph Patterson's application for a period of disability and disability insurance benefits under Title II of the Social Security Act,[1] and supplemental security income under Title XVI of the Social Security Act.[2] Because the Court finds that Defendant Commissioner's findings are supported by substantial evidence, the Court affirms Defendant's decision.

**I.     Procedural History**

On September 27, 2012, Plaintiff protectively applied for a period of disability and disability insurance benefits and supplemental security income, alleging an onset date of August 25, 2009. Plaintiff was last insured for disability insurance benefits on December 31, 2015. Plaintiff's applications were denied initially and upon reconsideration; after a hearing, the ALJ issued a decision finding that Plaintiff was not disabled and the Appeals Council denied plaintiff's request for review. Plaintiff then sought judicial review.

---

[1] 42 U.S.C. §§ 401–434.

[2] 42 U.S.C. §§ 138–1383f.

## II.     Standard for Judicial Review

Judicial review under 42 U.S.C. § 405(g) is limited to whether Defendant's decision is supported by substantial evidence in the record as a whole and whether Defendant applied the correct legal standards.[3]  The Tenth Circuit has defined "substantial evidence" as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[4]  In the course of its review, the court may not re-weigh the evidence or substitute its judgment for that of Defendant.[5]

## III.    Legal Standards and Analytical Framework

Under the Social Security Act, "disability" means the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment."[6]  An individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."[7]  The Secretary has established a five-step sequential evaluation process to determine whether a claimant is disabled.[8]  If the ALJ determines the claimant is disabled or not disabled at any step along the way, the evaluation ends.[9]

---

[3] *See White v. Massanari*, 271 F.3d 1256, 1257 (10th Cir. 2001) (citing *Castellano v. Sec'y of Health & Human Servs.*, 26 F.3d 1027, 1029 (10th Cir. 1994)).

[4] *Id.* (quoting *Castellano*, 26 F.3d at 1028).

[5] *Id.*

[6] 42 U.S.C. § 423(d)(1)(A); § 416(i); § 1382c(a)(3)(A).

[7] *Id.* § 423(d)(2)(A); § 1382c(a)(3)(B).

[8] *Thompson v. Sullivan*, 987 F.2d 1482, 1486 (10th Cir. 1983).

[9] *Id.*

Plaintiff does not challenge the ALJ's determinations at step one that Plaintiff has not engaged in substantial gainful activity since August 25, 2009, the alleged onset date.[10] Nor does Plaintiff challenge the ALJ's determination at step two that Plaintiff has medically "severe" impairments of: depressive disorder, borderline intellectual functioning, personality disorder, degenerative disc disease, right knee impingement syndrome, left knee tendinopathy and obesity. But Plaintiff challenges the ALJ's determination of Plaintiff's Residual Functional Capacity ("RFC"), which Plaintiff argues is erroneous in that the ALJ inexplicably accorded no weight to the opinion of APRN Rachel Bartel, who treated Plaintiff for his psychological issues.

### IV. Discussion

The ALJ found that Plaintiff has the residual functional capacity (RFC) for:

lifting up to 20 pounds occasionally and lifting and carrying 10 pounds frequently, standing or walking for six hours and sitting for up to six hours in an eight-hour day with normal breaks. He can occasionally climb ramps or stairs, but should never climb ladders, ropes, or scaffolds. He is limited to occasional crouching, but never kneeling or crawling. In addition, the claimant is able to understand, remember and carry out only simple, routine, repetitive tasks involving only simple, work related decisions, with few, if any, workplace changes. The claimant is also limited to jobs that involve no more [sic] occasional interaction with the public and coworkers.

Plaintiff argues that this RFC is erroneous, the product of the ALJ improperly according no weight to the opinion of APRN Rachelle Bartel, who treated Plaintiff from mid-2012 to mid-2014 for his psychological problems. Although the ALJ expressly accorded no weight to Ms. Bartel's opinion, much of her opinion was supported by substantial evidence and was reflected in the ALJ's RFC. For example, Ms. Bartel opined that Plaintiff had moderate limitations in memory and sustained concentration and persistence that resulted in mild limitations in his ability to understand remember and act upon short and simple instructions and moderate limitations in his ability to

---

[10] *See Williams v. Bowen*, 844 F.2d 748, 751 (10th Cir. 1988).

understand, remember and act upon detailed instructions.   This was reflected in the RFC that Plaintiff is able to understand, remember, and carry out only simple, routine, repetitive tasks involving only simple, work related decisions, with few, if any, workplace changes.   And, Ms. Bartel's opinion that Plaintiff has moderate limitations in social functioning is reflected in the RFC that Plaintiff is limited to jobs that involve no more than occasional interaction with the public and coworkers.

Apparently, Plaintiff is complaining about the RFC not including limitations based on Ms. Bartel's opinion that Plaintiff would need to take two days off every month and would be off task 10% of the workday.   The ALJ expressly accorded no weight to Ms. Bartel's opinion, and thus did not adopt these limitations in the RFC.   One reason the ALJ gave for according Ms. Bartel's opinion no weight was that as an APRN, she was not an acceptable medical source.   This is correct under the regulations.[11]

The other reason the ALJ gave in according Ms. Bartel's opinion no weight was "that multiple medical visits throughout the record have not documented any psychiatric problems whatsoever."   This is obviously an erroneous statement, as the record includes years of treatment notes and records pertaining to Plaintiff's psychiatric problems.   But the Court agrees with the Defendant that this statement is likely a "writing error" of the ALJ, for the ALJ's opinion not only finds that Plaintiff has certain severe psychological impairments, the ALJ's opinion acknowledges and discusses the treatment and medical records concerning Plaintiff's psychological problems, including the examinations of agency physicians and psychologists, the treatment records of Ms. Bartel, and the psychiatrist under whose supervision she worked.   And the ALJ obviously adopted

---

[11]*See* 20 C.F.R. § 404.1502, defining acceptable medical source as one of the sources described in §404.1513(a), which in turn defines acceptable medical sources as licensed physicians, licensed or certified psychologists, licensed optometrists and podiatrists, and qualified speech-language pathologists.

certain mental limitations in the RFC. Although Plaintiff urges that this obvious inconsistency in the ALJ's opinion begs for a reversal, the Court disagrees. Unlike in the case Plaintiff relies upon, here it is patently apparent from the ALJ's opinion that the ALJ did consider the medical evidence of Plaintiff's psychological problems.

Nonetheless, there is not substantial evidence supporting Ms. Bartel's opinion that Plaintiff would need to miss two days off work each month; nor is there substantial evidence supporting Ms. Bartel's opinion that Plaintiff would work off task 10% of the time. Although Dr. Syed Mohividdan noted in October 2012 that Plaintiff had poor memory and concentration, Ms. Bartel's treatment notes in 2013 and 2014 consistently recorded that Plaintiff's attention and concentration were "intact." With the exception of one treatment note in November 2013, in which she recorded that Plaintiff's attention was "distractable" and that his medication should be monitored, Ms. Bartel's treatment notes from June 2013, August 2013, March 2014, and April 2014 note that Plaintiff's symptoms were relieved or improved, that his attention, concentration and memory were intact, and that he was able to maintain his current GAF without any psychotropic medications. Certainly, her treatment notes provide no basis for her opinion that Plaintiff would miss two days of work each month and work off task 10% of the time. Nor do treatment notes of other providers provide substantial evidence supporting her opinions.

With respect to a non-acceptable medical source's opinion, the ALJ's decision is sufficient if it permits the court to "follow the adjudicator's reasoning."[12] The Court can follow the ALJ's reasoning in rejecting Ms. Bartel's opinions and thus concludes that the ALJ did not err. Moreover, even if Ms. Bartel were an acceptable medical source, the fact that her opinions are

---

[12] *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1164 (10th Cir. 2012) (citing SSR 06-3p, 2006 WL 2329939, at *6 (August 9, 2002)).

inconsistent with her own treatment notes and further unsupported by other relevant evidence justifies according her opinion no weight.[13]

## V.     Conclusion

Because the Court finds that Defendant Commissioner's findings are supported by substantial evidence, the Court affirms Defendant's decision.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Defendant's decision denying Plaintiff disability benefits is **AFFIRMED.**

**IT IS SO ORDERED.**

Dated: July 5, 2016

 S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[13] *Goatcher v. U.S. Dep't of Health & Human Servs.*, 52 f.3d 288, 290 (10th Cir.1995) (in evaluating medical opinions, should give a treating source provider's opinion controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record.)